840 F.2d 16
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James CAUDILL, Plaintiff-Appellant,
v.
The BUDD COMPANY, INC., Defendant-Appellee.
 No. 87-5451.
 United States Court of Appeals, Sixth Circuit.
 Feb. 16, 1988.
 
 Before NATHANIEL R. JONES and MILBURN, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff-appellant James Caudill appeals from the summary judgment of the district court dismissing his diversity tort action under the applicable Kentucky statute of limitations.
 
 
 2
 On April 28, 1983, shortly after he purchased a 1965 Ford truck, Caudill decided to change the truck's tires. The tires in question were mounted on multi-piece truck rims, of which one component was manufactured by defendant-appellee The Budd Company, Inc. ("Budd"). As Caudill was filling one of the tires with air, the rim exploded, separating into several parts, and the rim of the tire flew up and struck Caudill in the head.
 
 
 3
 After being transported to the hospital, Caudill was treated by Dr. Leon J. Ravvin. Dr. Ravvin performed a craniectomy, treated Caudill for skull fractures, lacerations, and injury to Caudill's optic nerve. Caudill awoke in the hospital the morning after his accident, April 29, 1983, and was aware that he had been injured as a result of the explosion. Caudill remained hospitalized until May 7, 1983.
 
 
 4
 Upon Caudill's release, Dr. Ravvin indicated that Caudill suffered from no significant neurological dysfunction and that his general mental functioning was normal. After returning home, Caudill was able to read the newspaper, watch television, and converse with neighbors who came to visit. He admitted that his injuries did not affect his social activities or family relationships.
 
 
 5
 Caudill returned to the hospital in early June of 1983 for evaluation of possible spinal fluid leakage. Tests at that time showed that the fracture in the frontal region of Caudill's skull had resulted in the leakage of air into his intracranial cavity. This leakage had created some mental impairment. Caudill remained hospitalized through June 22, 1983, at which time it was determined that the spinal fluid leakage was a self-resolving problem.
 
 
 6
 Caudill returned to his previous full-time employment in August of 1983 and satisfactorily performed his customary duties. He subsequently returned to the hospital and remained from December 5, 1983, to December 8, 1983. During this time, Dr. Ravvin performed plastic surgery to reduce a deformity in the skull remaining from the accident.
 
 
 7
 Caudill apparently did not contemplate filing suit until reading a newspaper article about successful lawsuits against the manufacturers of multi-piece truck wheel assemblies some eleven months after his accident. He then contacted an attorney, and this action was filed on May 7, 1984, founded on products liability and other theories of recovery.
 
 
 8
 On January 28, 1987, Budd filed a motion for summary judgment, which was supplemented on January 29, 1987, on the issue of the timeliness of the action. On March 31, 1987, the district court granted Budd's motion solely on the limitations issue. Judgment was entered on April 29, 1987, adopting the court's Amended Memorandum Opinion of April 27, 1987, and dismissing the action. A timely notice of appeal was subsequently filed.
 
 
 9
 Upon consideration of the entire record, the briefs filed herein, and after oral argument, we AFFIRM the judgment of the district court for the reasons stated in its thorough and carefully written Amended Memorandum Opinion of April 27, 1987.
 
 
 
 *
 Honorable Charles W. Joiner, Senior Judge, United States District Court for the Eastern District of Michigan, sitting by designation